```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MACROTECNIC INTERNATIONAL CORP.,

                      Plaintiff,

– against –

THE REPUBLIC OF ARGENTINA,

                      Defendant.

02 Civ. 5932 (TPG)

**ORDER**

------------------------------------------------------------x

LATINBURG S.A.,

                      Plaintiff,

– against –

THE REPUBLIC OF ARGENTINA,

                      Defendant.

03 Civ. 8528 (TPG)

------------------------------------------------------------x

Plaintiffs have moved for sanctions against Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), counsel for defendant the Republic of Argentina. The motion is denied.

## Background

The motion is based on statements that Cleary Gottlieb made to the court in May 2005 in connection with plaintiffs' application to restrain and execute on certain assets of the Republic. Plaintiffs had attempted to restrain certain funds deposited by the Republic in New

York banks. These funds, which were referred to as "Interest Collateral," were intended to secure the Republic's obligations to the holders of debt instruments known as "Brady Bonds." The Interest Collateral itself accrued interest, such that the amount on deposit could potentially exceed the amount of the Republic's obligations to the bondholders.

In support of its ex parte application, plaintiffs submitted a four-page memorandum of law arguing that under the terms of the 147-page agreement governing the Brady Bonds, the "Collateral Pledge Agreement" ("CPA"), the Republic was entitled to periodically request the return of any excess Interest Collateral. The court held a conference with plaintiffs and the Republic regarding the application, and ordered the Republic to submit an opposition brief by the next day.

The brief filed by Cleary Gottlieb stated that "[t]here simply is no basis—in the [CPA] or elsewhere—for plaintiffs' assertion that Argentina is entitled to have any portion of the remaining Interest Collateral 'paid back to it upon periodic request,'" and that even excess Interest Collateral "remains pledged to secure interest payments to the Brady Bondholders." The main thrust of the Republic's argument, however, was that under New York law and the terms of the CPA, the bondholders' interest in the funds was superior to that of the plaintiffs in the instant actions. On the basis of this argument, the court denied plaintiffs' application.

Plaintiffs now argue that the statements in the Cleary Gottlieb brief that are quoted above were misleading because section 6.05 of the CPA allows the Republic to request the return of excess Interest Collateral.  However, section 6.05 was not cited in plaintiffs' May 2005 application, and does not appear to have been raised by either side in discussions with the court at that time.

Moreover, section 6.05 only allows the return of such funds if, at the time of the Republic's request, the Republic has not defaulted on the bonds.  Thus, when another judgment creditor invoked section 6.05 to attach similar assets, the court denied the application because the Republic had defaulted on its bond obligations.  This decision was later affirmed on appeal.  See Capital Ventures Int'l v. Republic of Argen., 280 Fed. App'x 14 (2d Cir. 2008).

## Discussion

A district court has inherent power to sanction attorneys for statements made (1) without any legal or factual basis and (2) in bad faith.  Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 336-38 (2d Cir. 1999).  Alternatively, an attorney may be sanctioned if he "negligently or recklessly failed to perform his responsibilities as an officer of the court."  Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001).

These standards are not satisfied here.  First, the Cleary Gottlieb statements that plaintiffs now challenge were substantially correct and

had a colorable legal and factual basis. As discussed above, the terms of the CPA provided that, after it defaulted on its bond obligations (as it had by May 2005), the Republic was no longer entitled to seek a return of the funds. Second, there is no basis for finding that Cleary Gottlieb's statements were made negligently, recklessly, or in bad faith. Cleary Gottlieb's attorneys were called upon to respond to plaintiffs' application in less than 24 hours. This required the attorneys to rapidly determine the scope of the Republic's interest in the assets under the CPA, a lengthy and intricate document. Under these circumstances, it was quite appropriate for Cleary Gottlieb to focus its discussion on the specific arguments raised by plaintiffs (which did not include any reference to section 6.05), rather than spending time discussing why section 6.05 did not give the Republic an attachable interest in the funds.

## Conclusion

Plaintiffs' motion for sanctions is therefore denied.

SO ORDERED.

Dated: New York, New York
       May 29, 2009

*[signature: Thomas P. Griesa]*

Thomas P. Griesa
U.S.D.J.